318

Ed B. Bell was an insane person, and was so considered by most of those who knew him. No objection was made to the admissibility of this testimony; so the plea in bar was not supported by the finding of the jury. We are of the opinion that the evidence authorized the conclusion upon the part of the jury that the title of the plaintiffs was not superior to that of Ed B. Bell, and therefore not superior to the right of his widow and children under the award of the twelve months support.

*Judgment affirmed. All the Justices concur.*

ATKINSON, J., concurs in the result, but not in all that is said in the headnotes and opinion.

COLONIAL HILL COMPANY *v.* PHILLIPS.

No. 7756. FEBRUARY 21, 1931.

*D. K. Johnston,* for plaintiff in error.
*T. C. Battle* and *J. Wightman Bowden,* contra.

MATHEWS *et al. v.* DEFOOR *et al.*

ATKINSON, J. 1. "By the Civil Code (1910), § 3886, it is declared that if any person, without authority of law, wrongfully meddles with, or converts to his own use, the personalty of a deceased individual, whose estate has no legal representative, he shall be held and deemed an executor in his own wrong, and as such shall be liable to the creditors and heirs, or legatees of such estate, for double the value of 'the property so possessed or converted by him.' The double liability imposed is in the nature of a penalty for meddling with or converting the personalty of a deceased person after his death and when there is no administration. It does not apply if property of a person is converted during his lifetime. *Davis* v. *Davis*, 56 *Ga.* 37." *Allen* v. *Allen*, 144 *Ga.* 687 (87 S. E. 891).